UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

**JONATHAN LINDER** pro se
      **Plaintiff,**

      -against-

THE COUNTY OF CONTRA COSTA,
CONTRA COSTA COUNTY
SHERIFF'S DEPARTMENT,
CONTRA COSTA COUNTY SHERIFF,
DEPUTY SCHWIND,
THE CITY OF PLEASANT HILL,
PLEASANT HILL POLICE DEPARTMENT,
CHIEF OF POLICE OF THE PLEASANT
HILL POLICE DEPARTMENT,
OFFICER CLARK, TODT #318,
"OFFICER ASSHOLE,"
all other involved officers and agencies,
including but not limited to:
BAY AREA RAPID TRANSIT DISTRICT,
BART POLICE DEPARTMENT,
CHIEF OF POLICE OF THE BART
POLICE DEPARTMENT, BART POLICE,
THE STATE OF CALIFORNIA,
THE CALIFORNIA HIGHWAY PATROL,
THE CHP GOLDEN GATE DIVISION,
THE COMMISSIONER AND ASSISTANT
COMMISSIONER OF THE CALIFORNIA
HIGHWAY PATROL, EMTs and others,

      **Defendants.**

Case No. C08-00245 JCS

**VERIFIED COMPLAINT**



FILED
FEB 2 1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff demands trial by jury

### Introduction

1. Plaintiff JONATHAN LINDER brings this action against the individual officers and agencies involved for damages arising out of the violation of Plaintiff (LINDER)'s constitutional rights, unconstitutional policies and actions, and state and common law claims of emotional distress and assault and battery, false arrest, false imprisonment or illegal detention, warrantless search, warrantless arrest, apprehension of suspect by use of deadly force, falsification of reports, apprehension of suspect with excessive force, police pursuit without cause, inattention to medical needs, conduct that "shocks the conscience" or "offends the community's sense of fair play and decency," selective enforcement of

statute or regulation, illegal search and seizure, Defendants' refusal to provide LINDER's constitutional guarantees during his arrest as well as other illegal actions and violations before, during and after LINDER's arrest, herein stated, on January 12, 2006.

## Jurisdiction

2. Plaintiff brings this action against Defendants to redress the deprivation of rights secured him by the United States Constitution, 42 U.S.C. §1983, its amendments and the common law.

3. Plaintiff is a citizen of California. Each defendant is, upon information and belief, a citizen of California. Defendant Agencies are, and at all times mentioned were, municipal corporations existing by virtue of the laws of the State of California. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1343(3), 42 U.S.C. §1983.

5. Plaintiff also invokes supplemental jurisdiction of this Court over his state claims against Defendants for common law violations pursuant to 28 U.S.C. §1367 as the common law claims form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the cause of action occurred in this District.

7. Pro se litigant's pleadings are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; if court can reasonably read pleadings to state valid claim on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.

8. Civil rights complaints are to be liberally construed.

## Parties

9. At all times mentioned herein, Plaintiff was a resident of California who resides in Berkeley and receives mail at General Delivery, Berkeley, CA, 94704.

10. Defendant State, County, City, and Agencies and Companies operate and govern themselves pursuant to the laws of the State of California.

11. Defendants SCHWIND, CLARK, TODT and "Officer Asshole" are sued both individually and in their official capacity. At all times pertinent hereto, Defendants SCHWIND, CLARK, TODT and "Officer Asshole" were employed by

CONTRA COSTA COUNTY SHERIFF'S, the PLEASANT HILL POLICE DEPARTMENT, and other agencies present respectively.

12. Defendants SCHWIND, CLARK, TODT and "Officer Asshole" were acting as deputies and police officers in the scope of their employment for Defendant State, County, City, and Agency.

13. At the time of the alleged incident and at all times pertinent hereto, Defendants acted under color of law, of a statute, ordinance, regulation, custom, or usage.

14. Within 6 months of the incident, a Notice of Claim was served. More than thirty (30) days have elapsed since the service of said Notice of Claim upon Defendants and payment thereof has been neglected or refused; that the within action was commenced within two (2) years after the cause of action herein accrued; and that all conditions precedent to the commencement of the within action have been fulfilled.

## FACTS

15. At approximately 22:00 hours on January 12, 2006, while riding his bicycle, LINDER was intentionally struck by Deputy Schwind's patrol car.

16. LINDER was knocked to the ground and LINDER's bicycle was damaged.

17. The incident took place in the Pleasant Hill BART parking lot area directly across from the taxicab stand.

18. Deputy Schwind then proceeded to assault LINDER without cause in an extremely aggressive manner.

19. Schwind insisted that LINDER was under arrest.

20. LINDER was at no time combative, physically threatening or offensive.

21. LINDER asked why he was being stopped, why the deputy had assaulted him with his vehicle, why he was being physically assaulted by the deputy and why he was under arrest.

22. After repeated questioning, the deputy finally claimed that he was arresting LINDER for "PC 148."

23. LINDER requested to secure his property if he was to be arrested.

24. LINDER was then attacked by numerous other government agents in response to his request.

25. LINDER was held down while a German Shepherd K9 was encouraged to attack him.

26. At least one government agent videotaped the attack.

27. LINDER was held down on the ground with his hands secured behind him by numerous government agents while the animal was allowed to continue to bite into LINDER's right thigh, thrashing, tearing and terrorizing LINDER.

28. The animal's "handler," Clark, Todt, attempted repeatedly and unsuccessfully to command the animal to release his hold of LINDER's leg for an extended period of time while LINDER begged for mercy.

29. LINDER's personal belongings were strewn all over the scene of the attack.

30. LINDER unsuccessfully requested the names of the parties involved.

31. LINDER also requested to speak to the officer in charge to no avail.

32. Immediately after the vicious beating and dog attack a government agent, who identified himself only as "Officer Asshole," attempted to break LINDER's wrist for several minutes despite LINDER's desperate pleas for mercy as he had recently severely injured that wrist.

33. LINDER was forced to a medical vehicle and begged the medical practitioner to save him from his brutal captors, who were trying to break his injured wrist, and for medical care for his injured leg.

34. The medical practitioner refused to provide treatment to LINDER.

35. LINDER was then stripped of his pants in the public parking lot in plain view of BART passengers who stopped to spectate and forced to remain in that humiliating position for some time.

36. LINDER was forced into a vehicle and left to bleed in agony for over an hour while numerous government agents loitered, threatened and berated him for being a college student and residing in Berkeley and more than one government agent expressed a desire for the animal to have done greater injury to LINDER.

37. There were approximately 30 government agents present for the duration of the assault from numerous agencies including BART, CHP and others who failed to intervene to protect LINDER's Constitutional Rights – police officers who are present at scene and who do not take reasonable measures to protect suspect from another officer's use of excessive force may be liable for civil rights violations.

38. LINDER was finally transported to an emergency room.

39. LINDER was denied water for hours despite his pleas of dehydration due to the traumatic, prolonged assault and resulting blood loss.

40. At the hospital, LINDER was told that he had to take antibiotics every 4 hours to reduce the chance of infection as the dog bite puncture was extremely deep.

41. LINDER then spent nearly 20 hours in jail, denied further medical care or antibiotics.

42. No citations were issued.

43. No charges were filed.

44. At no time pertinent hereto did Defendant's have probable cause to believe LINDER had committed "PC 148" yet they allowed that charge to stand against LINDER from June, 2006 through June, 2007. A Petition for a finding of Factual Innocence is still undergoing appeal.

45. LINDER was forced to defend against a false charge for 12 months, making numerous appearances in criminal court, until it was finally dismissed by the court.

46. Defendants acted with actual malice toward LINDER and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of LINDER.

47. Defendants' actions constitute unreasonable and excessive use of force, deprivation of liberty and punishment without due process of law.

48. Upon information and belief, at all times pertinent hereto, Defendant State, County, City, and Agencies permitted and tolerated a pattern and practice of unreasonable use of force, punishment and deprivation of Constitutional Guarantees by its police officers so they can effect an arrest.

49. Upon information and belief, Defendant State, County, City, and Agencies has maintained a system of review of police conduct through its departments, including Internal Affairs, which is so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force, punishment and denial of Constitutional rights by police officers.

50. The acts, omissions, systemic flaws, policies, and customs of Defendant State, County, City, and Agencies caused police officers to believe that their misconduct, abuse of power, and denial of civilian rights would not be

aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force, ointment and denial of rights against LINDER and others in the future.

51. As a direct and proximate result of the acts and omissions of defendants, LINDER was mentally and physically sick, suffering nightmares, stomach pain, headaches, sleeplessness, anxiety, stress and continues to feel fear, terror, stress, mental cruelty, was deprived of his physical liberty, and has suffered extensive and ongoing legal and emotional ramifications.

### COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1983

52. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 51.

53. Police profiling/discrimination;

54. Malicious intent;

55. Wanton infliction of pain;

56. Assault with a deadly weapon – police car;

57. Assault with a deadly weapon – police dog;

58. Unnecessary/unlawful use of force;

59. Excessive force;

60. Police brutality;

61. Abuse of authority;

62. Loss of familial association;

63. Negligence;

64. Battery;

65. Aggravated battery;

66. Assault;

67. Aggravated assault;

68. Mayhem;

69. Violence;

70. Denial of prompt and necessary medical care;

71. Denial of prescribed medications;

72. False arrest;

73. False imprisonment;

74. Unlawful entry and search;

75. Violations of civil rights, including but not limited to rights under the Fourth and Fourteenth Amendments to the United States Constitution;

76. Violation of the right to privacy, including but not limited to rights under the Third, Fourth, Eighth and Ninth Amendments to the United States Constitution;

77. Violations of California Civil Code §§51, 51.7, 52, 52.1;

78. Violations of 42 USC §§1983, 1985-6, 1988;

79. Disparate treatment;

80. Deliberate indifference;

81. Unconstitutional customs and policies;

82. Inadequate training, supervision, discipline and/or retention;

83. Improper/inadequate handling/use of police canine;

84. Discrimination on the basis of race or ethnicity;

85. Intentional infliction of emotional distress;

86. Negligent infliction of emotional distress;

87. Violations of the California Constitution; and

88. Violations of California Welfare and Institutions Code §§15600, et seq.

**COUNT II: CONSPIRACY TO VIOLATE CIVIL RIGHTS**

89. LINDER incorporates herein by reference the allegations contained in paragraphs 1 through 88.

90. Defendants conspired to violate LINDER's statutory civil rights by acting in concert to create an environment of intimidation and coercion, including the use of verbal and physical abuse, as more fully described in the foregoing paragraphs, all in violation of 42 U.S.C. §1983, for which Defendants Schwind, Clark, Todt and "Officer Asshole" are individually liable.

### COUNT III: ASSAULT AND BATTERY

91. LINDER incorporates herein by reference the allegations contained in paragraphs 1 through 90.

92. The wrenching of LINDER's wrists while he was securely handcuffed and surrounded by approximately 30 officers from various agencies, was without justification, was excessive, and constitutes assault and battery for which Defendant "Officer Asshole" is individually liable.

93. The intentional physical and verbal abuse of LINDER by the Defendants while LINDER was in their care and custody was done with actual malice toward LINDER and with willful and wanton indifference to and deliberate disregard for human life and the rights of LINDER as a civilian in the public population. LINDER is thus entitled to exemplary damages.

### COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94. LINDER incorporates herein by reference the allegations contained in paragraphs 1 through 93.

95. Defendants Schwind, Clark, Todt and "Officer Asshole's" intentional abuse of LINDER's constitutional rights described herein above all abused LINDER in a manner that was extreme, outrageous, and unjustified, and caused LINDER to suffer physical and emotional distress for which Defendants Schwind, Clark, Todt and "Officer Asshole" are individually liable.

96. The intentional verbal and physical abuse of LINDER was unjustified and done with actual malice and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff. LINDER is thus entitled to exemplary damages.

### COUNT V: NEGLIGENCE

97. LINDER incorporates herein by reference the allegations contained in paragraphs 1 through 96.

98. Defendants Schwind, Clark, Todt and "Officer Asshole," while acting as agents and employees for Defendant State, County, City and Agency in their capacity as police officers for Defendant State, County, City, and Agency, owed a duty to LINDER to perform their police duties without the use of intimidation, coercion and verbal and physical abuse and refusing LINDER his constitutional rights. Defendants' use of intimidation, coercion and verbal and physical abuse upon LINDER and refusing to abide by his constitutional rights, when LINDER was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others constitutes negligence for which Defendants Schwind, Clark, Todt and "Officer Asshole" are individually liable.

99. As a proximate result of Defendants' negligence, LINDER has sustained permanent injuries. These injuries have caused and will continue to cause plaintiff pain and mental suffering.

100. At all times of the alleged incident, Defendants Schwind, Clark, Todt and "Officer Asshole" were acting within the scope of their employment as officers of the Defendant State, County, City, or Agency Police Department.

101. Defendant State, County, City, and Agency is liable for compensatory damages under the doctrine of respondeat superior for the negligence of defendants committed within the scope of their employment.

## COUNT VI: NEGLIGENCE

102. LINDER incorporates herein by reference the allegations contained in paragraphs 1 through 101.

103. Defendant State, County, City, and Agency owed a duty to LINDER to train and supervise and otherwise control its police officers in the use of coercion, intimidation, violation of constitutional guarantees and other matters incidental to the exercise of police functions.

104. Defendant State, County, City, and Agency failed to provide adequate training, supervision, and control of Defendants Schwind, Clark, Todt and "Officer Asshole," which failure constitutes negligence.

105. As a proximate result of Defendant State, County, City, and Agency 's negligent failure to provide adequate training, supervision, and control of Defendants Schwind, Clark, Todt and "Officer Asshole," Plaintiff has sustained permanent injuries and he has incurred and will continue to incur medical bills and other expenses. These injuries have caused and will continue to cause plaintiff mental pain and suffering.

106. Defendant State, County, City, and Agency 's failure to provide adequate training and supervision to its police officers constitutes a willful and wanton

indifference and deliberate disregard for human life and the rights of private citizens, including LINDER. LINDER is thus entitled to exemplary damages.

### COUNT VII: MALICIOUS ABUSE OF PROCESS, FALSE ARREST, AND FALSE IMPRISONMENT

107. LINDER incorporates herein by reference the allegations contained in paragraphs 1 through 106.

108. Defendants Schwind, Clark, Todt and "Officer Asshole" used the criminal process against LINDER in order to intimidate him and to dissuade him from asserting his rights against Defendants and in order to cover up their own wrongdoing to avoid civil and criminal liability for their own acts.

109. Defendants Schwind, Clark, Todt and "Officer Asshole" falsely arrested and falsely imprisoned LINDER for the charge of "PC 148" that never existed and was in fact dismissed by the court.

110. As a proximate result of this malicious abuse of process, false arrest, and false imprisonment, Plaintiff suffered the damages as aforesaid.

**WHEREFORE**, LINDER requests that this Court enter judgment against the Defendants and award the following amounts:

a. Two Hundred and Fifty Thousand Dollars compensatory damages in favor of LINDER;

b. One Million Dollars exemplary damages in favor of LINDER;

c. Costs of this action, including reasonable attorney fees to the Plaintiff pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988 (1976);

d. Two Thousand Five Hundred Dollars in damages for physical damage to LINDER's property, namely his bicycle and glasses as well as clothing, bike accessories; and

e. Such other and further relief as the court may deem appropriate.

Dated: January 12, 2008

*Jonathan Linder*
Signature of Petitioner
Address and Telephone Number:
General Delivery
Berkeley, CA, 94704
650-766-5855

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec. 1746. 18 U.S.C. Sec. 1621.

Executed at ___San Francisco, CA___ on __2/21__ 2008
             (Location)

                                       ___Jonathan Finder___
                                           (Signature)