IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LINDER, | No. C 08-245 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND** |
| v. | |
| CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, *et al.*, | |
| Defendants. / | |

Defendants have filed numerous motions to dismiss the complaint which are currently scheduled for a hearing on March 13, 2009. Plaintiff, who is acting pro se, has not filed an opposition. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are appropriate for resolution without oral argument, and VACATES the hearing. As set forth below, the Court GRANTS defendants' motions to dismiss and GRANTS plaintiff leave to amend the complaint. If plaintiff wishes to amend the complaint, the amended complaint must be filed no later than **March 27, 2009**.

**BACKGROUND**

On January 14, 2008, plaintiff filed a complaint under 42 U.S.C. § 1983 against numerous defendants. Plaintiff alleges that defendants arrested him without cause and used excessive and unreasonable force to take him into custody at the Pleasant Hill BART station on January 12, 2006. Plaintiff alleges that officers from the Contra Costa County Sheriff's Department, the Pleasant Hill Police Department, the BART police department, and the California Highway Patrol were either involved in the assault and arrest, or were present during the assault and "failed to intervene" to protect

plaintiff's rights. Amended Complaint ¶ 37.[1]  The complaint also alleges, inconsistently, that "no charges were filed" and "no citations were issued," and also that plaintiff "was forced to defend against a false charge for 12 months, making numerous appearances in criminal court, until it was finally dismissed by the court." *Id*. ¶¶ 42, 43 & 45. The amended complaint contains seven "counts": Count I "Violation of Constitutional Rights under § 1983"; Count II "Conspiracy to Violate Constitutional Rights," also under 42 U.S.C. § 1983, and Counts III - VII for state law violations (assault and battery; intentional infliction of emotional distress; negligence; negligence[2]; and malicious abuse of process, false arrest and false imprisonment).

All served defendants have moved to dismiss the amended complaint.  Plaintiff has not filed an opposition to the motions.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).  While

---

[1] Plaintiff filed this action on January 14, 2008, and on February 21, 2008 amended the complaint. Defendants have moved to dismiss the February 21, 2008 complaint.

[2] It is unclear why there are two separate negligence claims.

2

courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id*.

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendants have moved to dismiss the complaint on a number of grounds. The Court finds that the complaint is deficient in a number of respects, and in light of the fact that plaintiff is representing himself, will provide guidance in this order regarding how to correct these deficiencies if plaintiff wishes to amend the complaint.

**I.    42 U.S.C. § 1983 claims**

Plaintiff has alleged two claims under 42 U.S.C. § 1983. The first claim incorporates all of the previous factual allegations, and then simply consists of a list such as "53. Police profiling/discrimination; 54. Malicious intent; 55. Wanton infliction of pain" through "88. Violations of California Welfare and Institutions Code §§ 15600, et seq." The second § 1983 claim incorporates all previous allegations, and alleges that "Defendants conspired to violate LINDER's statutory civil rights by acting in concert to create an environment of intimidation and coercion, including the use of verbal and physical abuse, all in violation of 42 U.S.C. § 1983 . . . ." The complaint does not identify which defendants are named in the § 1983 claims.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that

3

guaranteed by the federal Constitution, Section 1983 offers no redress." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir.1997) (quoting *Lovell v. Poway Unified School District*, 90 F.3d 367, 370 (9th Cir. 1996)). Thus, to the extent that plaintiff alleges violations of California law as an element of the § 1983 claims, plaintiff has failed to state a claim. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("plaintiffs' simple allegation that their blood was drawn by certain persons who were not among those authorized to do so by the California Vehicle Code, without more, does not state a constitutional claim").

Where plaintiff has identified a federal constitutional right, such as the Fourth and Fourteenth Amendments, plaintiff must allege *who* violated those rights, and *how*. For example, under the § 1983 claim, the complaint alleges "loss of familial association" and "denial of prescribed medications." Plaintiff must, without providing elaborate detail, allege who denied him of these rights, and how.

In addition, to the extent plaintiff seeks to allege a § 1983 claim against the county and city defendants, plaintiff may only do so under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). In *Monell* the Supreme Court held that municipalities such as a county are "persons" within the meaning of 42 U.S.C. § 1983. *Monell* announced the following standard governing the liability of a municipality under § 1983:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983.

*Id.* at 694. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may be fairly said to be those of the municipality." *Board of the County Commissioners v. Brown*, 520 U.S. 397, 403-04 (1996) (quoting *Monell*). "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404 (quoting *Monell*). The *Monell* standard governs a county's liability under § 1983. *See McMillian v. Monroe County*, 520 U.S. 781, 783 (1997); *Streit v. County of Los Angeles*, 236 F.3d 552, 564 (9th Cir. 2001). If plaintiff wishes to allege a claim against a city or county, plaintiff must identify what "policy" or

4

1  "custom" he is challenging and how that policy or custom deprived him of his constitutional rights.

2  Finally, to the extent plaintiff seeks to hold supervisors liable for acts of subordinates, plaintiff is cautioned that "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Accordingly, if plaintiff wishes to pursue this action, he must amend the § 1983 claims to identify the defendants against whom those claims are brought, the federal constitutional rights which have been violated, and how those rights were allegedly violated.[3]

## II. State law claims

Defendants[4] argue that plaintiff's state law claims are barred by his failure to comply with the presentment requirements of the California Tort Claims Act. In particular, defendants argue that plaintiff failed to file this lawsuit within six months after the notice of the rejection of the claims, as required by Section 911.2 of the California Government Code. The California Tort Claims Act provides, in pertinent part, that "no suit for money or damages may be brought against a public entity on a cause of action [against a public entity or employee] until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . ." Cal. Gov't Code § 945.4. If a claim is rejected, the public entity must provide written notice, and if such notice is provided in accordance with the statute, a plaintiff wishing to file a lawsuit must do so "not later than six months after the date such notice is personally delivered or deposited in the mail." *Id*. § 945.6(a)(1).

---

[3] The original complaint named "BART Police," while the amended complaint names "BART Police," BART, "BART Police Department," and "Chief of Police of the BART Police Department." The BART defendants contend that the amended complaint is untimely as to the three BART defendants added to the amended complaint. As an initial matter, the Court finds it unclear whether "BART Police" and "BART Police Department" are in fact different defendants. In any event, the Court finds that the claims in the amended complaint would likely relate back to the original timely § 1983 claim, and thus will not grant dismissal on this ground at this time.

[4] Defendants include all served defendants except for the State of California and the CHP defendants.

5

Here, defendants have submitted evidence showing that plaintiff's claims against the City of Pleasant Hill, BART, the County of Contra Costa, BART Police and the Contra Costa Sheriff's Department were denied, and that the notices of rejection were mailed to 111 Ambrose Avenue, Bay Point, California (the address provided in plaintiff's government claims) on August 9, 2006 by the Contra Costa County Board of Supervisors (Docket No. 28, Ex. A), on August 18, 2006 by the City of Pleasant Hill, (Docket No. 34, Ex. B), and on August 28, 2006 by BART (Shatz Decl. ¶ 2, Ex. A).[5] Plaintiff filed this lawsuit on January 14, 2008, well after the six month limitations period. Based on this undisputed record, the Court finds that plaintiffs' state law claims against the Contra Costa, Pleasant Hill, and BART defendants are untimely, and the Court GRANTS defendants' motions to dismiss these claims without leave to amend.

### III. State of California and California Highway Patrol

Plaintiff has sued the State of California, the California Highway Patrol ("CHP"), the CHP Golden Gate Division, and the Commissioner and Assistant Commissioner of the CHP. These defendants move to dismiss the amended complaint on the ground of Eleventh Amendment immunity. States and state agencies are generally immune from suit in federal court. *See generally Pennhurst State Sch. & Hospital v. Halderman*, 465 U.S. 89 (1984). The Supreme Court has clearly established that the Eleventh Amendment permits a plaintiff to sue a state *official* in federal court when his claim arises out of federal law, provided that the plaintiff seeks prospective injunctive relief rather than money damages. *See Edelman v. Jordan*, 415 U.S. 651, 675 (1974) ("[A] federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief."); *see also Lupert v. California State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985) ("The Eleventh Amendment's prohibition does not extend to prospective, non-monetary injunctive or declaratory relief against state officials.").

Here, the amended complaint only seeks monetary relief.

Accordingly, the Court finds that the Eleventh Amendment bars plaintiff's claims against the State and the CHP defendants, and GRANTS defendants' motion to dismiss with leave to amend. If

---

[5] The Court GRANTS defendants' requests for judicial notice. (Docket Nos. 28 & 34).

plaintiff wishes to pursue claims against the state entities, he may only do so if he names appropriate individual defendants who acted in their capacity as state officials in allegedly denying plaintiff legally recognized rights, and only if he seeks prospective, injunctive relief.

The State and CHP defendants also contend that plaintiff's state law claims must be dismissed against these defendants because plaintiff did not file a tort claim against these defendants. If plaintiff wishes to pursue any state law claims against these defendants, the amended complaint must include specific information about when plaintiff filed the tort claim(s), to whom the claim was presented, and when the claim was rejected.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss. (Docket Nos. 26, 27, 33 & 26). If plaintiff wishes to amend the complaint, plaintiff must amend the § 1983 claims to identify the defendants against whom those claims are brought, the federal constitutional rights which have been violated, and how those rights were allegedly violated. Plaintiff's state law claims against the Contra Costa, Pleasant Hill and BART defendants are DISMISSED without leave to amend. If plaintiff wishes to allege any federal claim against the State or CHP defendants, plaintiff may only do so by naming appropriate individual defendants who acted in their capacity as state officials, and only if he seeks prospective, injunctive relief. If plaintiff wishes to allege any state claim against the State or CHP defendants, he must show that he has complied with the California Tort Claims Act, and that the state law claims are timely. The amended complaint must be filed no later than **March 27, 2009**.

**IT IS SO ORDERED.**

Dated: March 9, 2009

SUSAN ILLSTON
United States District Judge